UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN WILLIAM McMANUS, JR.,<br><br>Defendant. | Civil Action No. 25-2774-TDC<br>Crim. Action No. 22-0427-TDC |

**MEMORANDUM ORDER**

Defendant John William McManus, Jr. has filed a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255 ("the § 2255 Motion"). On February 26, 2024, McManus was sentenced to a term of imprisonment of 36 months after his convictions for possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and illegal possession of a machinegun, in violation of 18 U.S.C. § 922(o). In the § 2255 Motion, McManus challenges his convictions based on the claim that the criminal statutes underlying his convictions are unconstitutional in that they violate the Second Amendment to the United States Constitution. He also argues that his attorney rendered constitutionally ineffective assistance by not filing a direct appeal of his convictions despite his instruction to do so.

**DISCUSSION**

**I.      Limitations Period**

As McManus recognizes, "[w]ithout equitable tolling, this motion would be dismissed as untimely." § 2255 Mot. at 5, ECF No. 80. Generally, a § 2255 motion is subject to a one-year period of limitation that runs "from the latest of":

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Court finds that where the judgment in this case was entered on February 26, 2024, McManus's conviction became final on March 11, 2024, upon the expiration of the 14-day period for filing a notice of appeal, so the § 2255 Motion, filed more than one year later on August 19, 2025, is time-barred. Although McManus references § 2255(f)(4), that provision applies only when there are newly discovered facts. Here, the only arguably new information McManus references is case law, which is governed by § 2255(f)(3). As to that provision, however, to the extent that McManus argues that the limitations period began to run on a later date based on new case law relating to the constitutionality of federal firearms laws, the Supreme Court case law he cites in the § 2255 Motion, primarily *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), dates from 2022 or before, so it does not cause the one-year limitations period to run any later than March 11, 2024.

A petitioner is "entitled to equitable tolling only if he shows that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Although McManus has asserted arguments for equitable tolling in both the § 2255 Motion itself and in a supplemental brief on the issue permitted by the Court, he has

not provided facts demonstrating "reasonable diligence" in pursuit of his claims. *Id.* at 653 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996)).

As for extraordinary circumstances, McManus first argues that "[e]xtended and repeated prison lockdowns restricted access to the law library." § 2255 Mot. at 3. However, he fails to identify, either generally or specifically, the duration and time periods of these lockdowns or specified how they prevented him from preparing and timely filing a § 2255 Motion during the one-year limitations period. He also has not explained how they necessitated the additional five months he took before filing the § 2255 Motion in August 2025. McManus therefore has not demonstrated that equitable tolling is warranted on this basis. *See Green v. United States*, No. AW-10-2749, 2011 WL 553881, at *2 (D. Md. Feb. 8, 2011) (declining to apply equitable tolling to the late filing of a § 2255 motion where the defendant had not demonstrated that he "could not have prepared and mailed a sufficient § 2255 motion in the almost nine months" prior to a prison lockdown); *see also United States v. Aigbekaen*, No. JKB-15-0462, 2021 WL 1816967, at *1 (D. Md. May 6, 2021) ("A petitioner cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making a passing reference to the pandemic or the resulting lockdown.").

Second, McManus argues that the prison law library's resources were outdated and "not applicable to current federal law," that he had limited access to counsel and legal assistance, that his trial counsel failed to communicate new legal developments to him, and that he only recently discovered that the statutes underlying his convictions were unconstitutional. § 2255 Mot. at 3; § 2255 Mot. Supp. at 2, ECF No. 123-1. However, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). McManus also has not provided any information on the alleged deficiencies in

the law library, such as identifying materials that were needed to advance the arguments in the § 2255 Motion. *See Burrell v. United States*, No. 18-0352-JRR, 2025 WL 487371, at *3 (D. Md. Feb. 13, 2025) (stating that an "assertion of 'denial of access' to the law libraries and other materials, without more, is insufficient"). These asserted grounds thus do not constitute extraordinary circumstances as required for equitable tolling.

Third and finally, McManus argues that his "serious mental health conditions, including PTSD, ADHD, paranoia, and mood/personality disorders . . . directly impaired his ability to timely file." § 2255 Mot. at 4. He states that his conditions "ma[de] it difficult to research and prepare legal filings without assistance" and "undermined [his] ability to pursue legal remedies." *Id.* at 5. Courts apply equable tolling because of a petitioner's mental health condition "only in cases of *profound mental incapacity*" that render the petitioner "unable to comply with the filing deadline." *Justus v. Clarke*, 78 F.4th 97, 114 (4th Cir. 2023) (citations omitted). In *Justus*, the petitioner seeking equitable tolling "provided extensive evidence that he [was] severely mentally ill," including records of psychological evaluations and institutionalization, and statements from the petitioner's prison advocate that his condition prevented him from preparing a petition. *Id.* at 111–12, 115, 117 (finding that based on this evidence of the "severity and continuing nature of his mental illness," an evidentiary hearing was needed on "whether and for how long his illness may have prevented him from filing his habeas petition"). Here, however, McManus has described his mental health conditions only in general terms and has provided no evidence of their severity or their potential impact on his ability to prepare a § 2255 motion. The Presentence Investigation Report ("PSR") generally references certain mental health issues but states that when McManus was screened for mental health needs during pretrial detention, he "did not present with any symptoms and was not referred to psychiatry at that time." Am. PSR ¶¶ 58–59, ECF No. 72. A

4

clinical forensic social worker's biopsychosocial assessment submitted in relation to sentencing references preliminary diagnoses of recurrent major depressive disorder, generalized anxiety disorder, chronic PTSD, cannabis abuse in remission, and prolonged grief disorder, but it recommends only that McManus participate in outpatient therapy and substance use treatment upon release and provides no basis to conclude that McManus had any specific impairment that could affect his ability to prepare a § 2255 motion. Because McManus has not presented, and the broader record does not contain, a sufficient basis to suggest that McManus has a mental health condition so severe and continuous that it prevented him from preparing a § 2255 motion within the limitations period, the Court finds that no evidentiary hearing is necessary on this issue and concludes that the asserted mental health issues do not warrant equitable tolling.

In summary, the Court finds that McManus's arguments for equitable tolling, considered separately or together, do not provide a sufficient basis for setting aside the one-year filing deadline in this case. The § 2255 Motion will be dismissed as untimely.

## II.     Second Amendment

Although not necessary for resolution of the § 2255 Motion, the Court notes that even if the Court were to reach the merits of his Second Amendment challenge, McManus would not succeed. McManus relies on *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), in which the United States Supreme Court held that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct," and in such cases any regulation of firearms must be "consistent with this Nation's historical tradition of firearm regulation." *Id.* at 2126. Specifically, McManus argues that 18 U.S.C. § 922(g)(1) violates the Second Amendment because it "imposes a lifetime ban" on firearm or ammunition possession for "all felons, including nonviolent offenders, without historical

5

precedent," and that 18 U.S.C. § 922(o) is unconstitutional because machineguns were "historically lawful to possess prior to 1986." § 2255 Mot. at 2. He also argues that, after *Bruen*, these statutes are unconstitutional at least as applied to him because he "poses no ongoing danger." *Id.* at 6.

Since *Bruen*, however, the United States Court of Appeals for the Fourth Circuit has specifically rejected the argument that 18 U.S.C. § 922(g)(1) is facially unconstitutional. *United States v. Canada*, 123 F.4th 159, 161–62 (4th Cir. 2024). The Fourth Circuit has also held that its precedent "foreclosing as-applied challenges" to the constitutionality of § 922(g)(1) "remain binding" after *Bruen*. *United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024). McManus's claim thus has no viable challenge to the constitutionality of § 922(g)(1) either facially or as applied to him.

McManus's Second Amendment challenge to 18 U.S.C. § 922(o) is also foreclosed. The Fourth Circuit recently rejected an identical facial and as-applied challenge to the constitutionality of § 922(o). *See United States v. Taylor*, No. 24-4392, 2025 WL 2784820, at *1 (4th Cir. Sept. 30, 2025) (unpublished). In so ruling, the court relied on *United States v. Price*, 111 F.4th 392 (4th Cir. 2024) (en banc), a post-*Bruen* decision, in which the Fourth Circuit held that "if . . . a weapon is not in common use for a lawful purpose, it can be permissibly excluded from the Second Amendment's protection" because of the American tradition of regulating "dangerous and unusual" weapons, while also stating that "[w]e know from Supreme Court precedent that . . . machineguns are not in common use for a lawful purpose." *Id.* at 403, 405 (upholding the constitutionality of 18 U.S.C. § 922(k), which prohibits the possession of a firearm with an obliterated serial number); *see District of Columbia v. Heller*, 554 U.S. 570, 624 (2008) (stating that it would be "startling" to suggest that statutory restrictions on machineguns might be

unconstitutional). Thus, based on *Price* and *Heller*, machineguns may be permissibly excluded from the protection of the Second Amendment, so McManus's facial and as-applied challenges to the constitutionality of § 922(o) would fail.

### III.   Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2255 motion. Because the Court is issuing a final order adverse to McManus, he must receive a certificate of appealability before any appeal may proceed. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a § 2255 motion on procedural grounds without reaching the merits of the constitutional claim, a petitioner must demonstrate that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). The Court finds that McManus has not made either requisite showing and thus declines to issue a certificate of appealability. McManus may still request that the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255, ECF No. 80, is DISMISSED.
2. The Court declines to issue a certificate of appealability.
3. The Clerk shall close Civil Action No. 25-2774-TDC.
4. The Clerk shall send a copy of this Order to McManus.

Date: December 22, 2025

THEODORE D. CHUANG
United States District Judge